**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

OMAR DANIEL TRUJILLO DIAZ,

Petitioner,

v. Case No. 1:26-cv-02439 KWR-JFR

WARDEN, *Torrance County Detention Facility*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso, U.S. Immigration and Customs Enforcement,*
ACTING DIRECTOR, *Immigration and Customs Enforcement,*
TODD BLANCHE, *U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*,

Respondents.

**ORDER DENYING HABEAS PETITION**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen in ICE detention. Petitioner was ordered removed and his removal order is final. Petitioner appears to assert that his detention violates due process and *Zadvydas*. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED** without prejudice.

**BACKGROUND**

Petitioner is a citizen of Mexico detained by ICE at the Torrance County Detention Facility. 1. The parties appear to agree that he has a final order of removal. His removal order became final in 2020. It appears he was granted withholding of removal to Mexico, but he does not assert that

he cannot be removed to a third country. Petitioner was taken into ICE custody again on April 24, 2026. Doc. 1 at 6.

**DISCUSSION**

Petitioner appears to assert that his detention violates due process and *Zadvydas*. As explained below, Petitioner is lawfully detained at this time under 8 U.S.C. § 1231 and *Zadvydas*. An immigration detainee "in custody in violation of the Constitution or laws or treaties of the United States" may seek habeas relief. 28 U.S.C. § 2241(c)(3); *see also Zadvydas v. Davis*, 533 U.S. 678 (2001). Pursuant to the Immigration and Nationality Act, the Respondents must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

Upon expiration of the initial removal period, the Respondents may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas*, 533 U.S. at 699. Continued detention for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Respondents must then rebut the noncitizen's showing with evidence. *Id.*

Here, the parties appear to agree that Petitioner is subject to a final order of removal. Petitioner's order of removal became final in 2020, and he was released. Petitioner was detained again on April 24, 2026. Doc. 1 at 6. Therefore, he has been detained for less than six months. Under *Zadvydas*, Petitioner's detention pending his removal from the country is presumptively reasonable for six months. *Zadvydas,* 533 U.S. at 701. Petitioner does not argue or explain why the six-month presumptively reasonable period of detention does not apply here. Rather, he

appears to acknowledge that the six-month period applies here. *See, e.g.,* Doc. 1 at 5. Although he was granted withholding of removal to Mexico, he does not allege that he cannot be removed to a third country. Thus, based on the limited record before the Court, Petitioner appears to be lawfully detained at this time under § 1231 and *Zadvydas.* Petitioner may file a new *Zadvydas* petition once he has been detained for more than six months.

**IT IS THEREFORE ORDERED** that Petitioner's Petition (Doc. 1) is hereby **DENIED without prejudice.**

____________/S/______________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE